IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CHARLES ODELL WILLIAMS,

    Petitioner,

v.                                Civil Action No. 3:15CV677

ERIC D. WILSON,

    Respondent.

**REPORT AND RECOMMENDATION**

Charles Odell Williams, a federal inmate proceeding pro se, submitted this Petition for a Writ of Habeas Corpus ("§ 2241 Petition," ECF No. 1.) This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). See Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[1] For the reasons set forth below, it is RECOMMENDED that the Court DISMISS the action for lack of jurisdiction.

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; see Aguayo v. Harvey, 476 F.3d 971, 976 (D.C. Cir. 2007).

A.  **Procedural History**

After Williams was convicted in the United States District Court for the Eastern District of North Carolina ("Sentencing Court"), he was sentenced to 183 months of imprisonment. <u>Williams v. United States</u>, No. 5:03-CR-239-BO, 2014 WL 7384790, at *1 (E.D.N.C. Dec. 29, 2014)(citation omitted). On September 26, 2008, the Sentencing Court dismissed a 28 U.S.C. § 2255 motion filed by Williams. <u>Id.</u> (citation omitted).

B.  **Summary of Williams's Claim**

In his § 2241 Petition, Williams contends that he is entitled to relief because he failed to receive the effective assistance of counsel at his trial. Specifically, Williams claims "[d]efense counsel was provided with a list of witnesses whose testimony would have proven that the Petitioner was innocent. Defense counsel neglected to call the witness[sic] and^ because of defense counsel's errors the Petitioner is serving a sentence for crimes he did not commit." (§ 2241 Pet. 8 (capitalization corrected).) As explained below, it is plain under the precedent in the United States Court of Appeals for the Fourth Circuit that Williams may not utilize 28 U.S.C. § 2241 to challenge his conviction or sentence.

2

## C. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

3

procedurally barred from filing a § 2255 motion." Id. (citations omitted).[3]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added).

---

[3] Williams cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting that he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)).

4

D.  **Analysis of Williams's 28 U.S.C. § 2241 Petition**

Williams fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Williams fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." *Id.* (emphasis added). Accordingly, it is RECOMMENDED that Williams's § 2241 Petition be DISMISSED FOR WANT OF JURISDICTION.

Williams is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is directed to send a copy of this Report and Recommendation to Williams. It is so ORDERED.

/s/ [signature]
Roderick C. Young
United States Magistrate Judge

Date: 9/30/2016
Richmond, Virginia